

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/18/08

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

Susan P. Scharfstein
*Special Federal Litigation Division*
212-227-4071
Facsimile: (212) 788-9776
sscharfs@law.nyc.gov

June 16, 2008

**BY HAND**
Honorable Gerard E. Lynch
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

SO ORDERED

_____
GERARD E. LYNCH, U.S.D.J.
6/18/08

    Re: Edward Matthews v. City of New York, et al., 08 CV 5036 (GEL)

Dear Judge Lynch:

    I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, counsel for defendant City of New York in the above-referenced action brought pursuant to 42 U.S.C. § 1983. Defendant respectfully requests that the time to respond to the complaint be extended by sixty days from the current due date of June 23, 2008, to August 22, 2008. Plaintiff's counsel has consented to this request for an enlargement of time.

    We request this enlargement of time because, in keeping with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. It is our understanding that the records of the underlying criminal matter, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office is in the process of forwarding to plaintiff for execution consents and authorizations for the release of sealed records so that defendant can access the information, properly assess the case, and respond to the complaint.

    In addition, plaintiff has named an individual defendant in this action. On information and belief, this individual defendant has not yet been served. This extension will give plaintiff time in which to serve this defendant. Without appearing or making any representations on his behalf, we respectfully request that he be granted the same extension of time in which to respond to the allegations of the complaint if and when he is served, in order to ensure that his defenses are not jeopardized while representation issues are being addressed. Moreover, once the individual defendant has been served, pursuant to Section 50-k of the New

York General Municipal Law, the Corporation Counsel's office must determine, based on a review of the facts of the case, whether we may represent him.  See Mercurio v. City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)) (decision as to whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

No previous request for an extension of time to respond to the complaint has been made.  Accordingly, we respectfully request that defendants' time to answer or otherwise respond to the complaint be extended to August 22, 2008.

Thank you for your consideration herein.

Respectfully submitted,

Susan P. Scharfstein (SS 2476)


cc:   Michael L. Spiegel, Esq.
      Attorney at Law
      111 Broadway, Suite 1305
      New York, NY  10006
      (by hand)