UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

EDWARD MATTHEWS,

                      Plaintiff,

      -against-

THE CITY OF NEW YORK, JAIME PEDRAZA,
JOHN and JANE DOES,

                      Defendants.

**ANSWER**

08 CV 5036 (GEL)

<u>Trial By Jury Requested</u>

(filed by ECF)

------------------------------------------------------------x

      Defendants City of New York and Jaime Pedraza, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the complaint, respectfully allege, upon information and belief, as follows:

    1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action and to seek damages as set forth therein.

    2.    Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action and to invoke the Court's jurisdiction as set forth therein.

    3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke this Court's supplemental jurisdiction as set forth therein.

    4.    Paragraph "4" of the complaint is demand for a trial by jury and, accordingly, no response is required.

    5.    Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to base venue as set forth therein.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that a document purporting to be a notice of claim was received by the Comptroller's Office of the City of New York, state that the allegations concerning whether the document was filed within 90 days of the events alleged are legal conclusions to which no response is required, and admit that the claim has not been settled.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York is a municipal corporation authorized pursuant to the laws of the State of New York, and state that the allegations concerning whether the City is authorized by law to maintain a police department, its relationship with and responsibility for, and its assumption of risks are legal conclusions to which no response is required.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admit that the City of New York has employed Jaime Pedraza as a police officer, and state that the allegations concerning whether the New York City Police Department is an agency of the City of New York and whether the individual defendants were acting under color of state law and in the scope of their duties are legal conclusions to which no response is required.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admit that plaintiff was arrested on March 26, 2007, at approximately 2:37 a.m., in the vicinity of 2315 Grand Concourse in the Bronx, New York, and that plaintiff was arrested by Jaime Pedraza.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. In response to the allegations set forth in paragraph "13" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "12" of this answer as if fully set forth therein.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. In response to the allegations set forth in paragraph "16" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "15" of this answer as if fully set forth therein.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "19" of this answer as if fully set forth therein.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "22" of this answer as if fully set forth therein.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "25" of this answer as if fully set forth therein.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

29. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

30. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

31. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

32. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of intervening non-parties and was not the proximate result of any act of defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

33. There was probable cause for plaintiff's arrest, detention, and/or prosecution.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

34. Plaintiff has failed to satisfy the conditions precedent to suit as to his state law claims.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

35. Punitive damages are not obtainable as against defendant City of New York.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

36. Defendant Jaime Pedraza has not violated any clearly established constitutional right of which a reasonable person would have known and, therefore, is protected by qualified immunity from liability.

**WHEREFORE**, defendants City of New York and Jaime Pedraza request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       August 22, 2008

                    **MICHAEL A. CARDOZO**
                    Corporation Counsel of the
                      City of New York
                    Attorney for Defendants City of New York
                    and Jaime Pedraza
                    100 Church Street
                    New York, New York  10007
                    (212) 227-4071

                    By: _____/S/_____
                          SUSAN P. SCHARFSTEIN

To:    Michael L. Spiegel, Esq.
        Attorney at Law
        111 Broadway, Suite 1305
        New York, NY  10006

Index No. 08 CV 5036 (GEL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD MATTHEWS,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK, JAIME PEDRAZA, JOHN and JANE DOES,

                                  Defendants.

## ANSWER

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
   *Attorney for Defendants City of New York and Jaime Pedraza*
   *100 Church Street*
   *New York, N.Y. 10007*

   *Of Counsel: Susan P. Scharfstein*
   *Tel: (212) 227-4071*
   *NYCLIS No.:*

Due and timely service is hereby admitted.

New York, N.Y. ........................................................... , 200 . . .

.................................................................................... Esq.

Attorney for..........................................................................